Charles E. Clark, Esq. (Calif SBN: 86099)
Email: cclarklaw807@pacbell.net
LAW OFFICES OF CHARLES EDWARD CLARK
301 East Colorado Boulevard., Suite 807
Pasadena, California 91101
Telephone: (626) 795-3640
Fax: 626-584-9206

Donald R. Dinan, Esq.
(Pro Hac Vice)
ROETZEL & ANDRESS, LP A
600 14th Street, NW
Suite 400
Washington, D.C. 20005
Telephone: (202)625-0600

Attorneys for Plaintiffs,
SANTA MARGHERITA S.p.A.

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA MARGHERITA S.p.A., <br><br>            Plaintiffs, <br><br> vs. <br><br> UNGER WEINE KG., <br><br>            Defendant. | Case No.: 2:12-cv-03499-DSF-RZ <br><br> **STIPULATED [AND PROPOSED] PROTECTIVE ORDER** <br><br> U.S. DISTRICT COURT JUDGE <br> Hon. DALE S. FISCHER <br><br><br> MAGISTRATE JUDGE: <br> Hon. RALPH ZAREFSKY |

///
///
///

Law Offices of Charles Edward Clark, Esq.
Charles E. Clark (SBN. 86099)
(cclarklaw807@pacbell.net)
301 East Colorado Boulevard Suite 807
Pasadena, California 91101
Telephone: (626) 795-3640
Fax: (626) 584-9206

Roetzel & Andress, LPA
Donald R. Dinan (appearance *pro hac vice*)
(ddinan@ralaw.com)
600 14th Street, N.W. Suite 400
Washington, D.C. 20005
Telephone: (202) 625-0600
Fax: (202) 338-6340

Attorneys for Plaintiff,
SANTA MARGHERITA S.p.A.

*(Additional Appearances of Counsel on Next Page)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SANTA MARGHERITA, S.p.A., | Case No.  12-CV-03499-DSF(RZx) |
| Plaintiff | **STIPULATED [AND PROPOSED] PROTECTIVE ORDER** |
| v. | |
| UNGER WEINE KG, | |
| Defendant. | |

1  Cooley LLP
2  John W. Crittenden (SBN. 101634)
   (jcrittenden@cooley.com)
3  101 California Street, 5th Floor
4  San Francisco, CA  94111-5800
   Telephone:  (415) 693-2000
5  Fax:  (415) 693-2222

6
   John Paul Oleksiuk (SBN. 283396)
7  (jpo@cooley.com)
8  1333 Second Street, Suite 400
   Santa Monica, CA  90401
9  Telephone:  (310) 883-6400
10 Fax:  (310) 883-6500

11 Attorneys for Defendant
   UNGER WEINE KG
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.

1    WHEREAS Plaintiff Santa Margherita, S.p.A ("Plaintiff") and Defendant
2    Unger Weine KG ("Defendant") (collectively, the "Parties") are parties to the
3    above-referenced Case No. CV12-03499 DSF (Rz) ("the Action");

4    WHEREAS discovery in the Action may involve the disclosure of certain
5    documents, things and information in the possession, custody or control of Plaintiff,
6    Defendant, or non-parties, which constitute or contain trade secrets or other
7    confidential proprietary or commercial information;

8    WHEREAS such confidential information must be protected in order to
9    preserve the legitimate business interests of the Parties or non-parties;

10   WHEREAS the Parties have, through counsel, stipulated to the entry of this
11   Protective Order for the purpose of advancing the progress of the Action and to
12   prevent unnecessary dissemination or disclosure of such confidential information;
13   and

14   WHEREAS the Parties have established good cause for entry of this
15   Protective Order;

16   THEREFORE, for good cause shown, pursuant to Rule 26(c) of the Federal
17   Rules of Civil Procedure, all discovery and other materials exchanged by the Parties
18   or non-parties, or filed with the Court, in the Action shall be provided subject to the
19   following conditions:

20   1.    **Scope.**   This Protective Order shall apply to all documents and
21   portions thereof, things, or any other form of evidence or information subject to
22   discovery or that can be protected under Fed. R. Civ. P. 26(c) in the Action that are
23   owned, possessed, or controlled by a Party or a non-party, provided that such non-
24   parties receive and agree to be bound by the terms of this Order ("Producing
25   Party"), and that contain the Producing Party's trade secrets or other confidential
26   proprietary or commercial information and all information derived therefrom
27   ("Protected Material"), including, without limitation, documents, things, deposition
28   testimony, interrogatory answers, answers to requests for admissions, and other

3.

1   discovery materials that are provided to or received by another party or non-party in

2   the Action ("Receiving Party"), whether produced informally or in response to

3   formal methods of discovery.

4       2.    **Designations and Duties.**  It shall be the duty of the Producing Party

5   to give notice of the Protected Material designated to be covered by this Protective

6   Order in the manner set forth in Paragraph 5 below.  The duty of the Receiving

7   Party or parties and of all other persons bound by this Protective Order to maintain

8   the confidentiality of Protected Material so designated shall commence with such

9   notice.   Subject to the provisions of this Order, Protected Material shall be

10   designated by the Producing Party with the designation "CONFIDENTIAL" or

11   "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY".

12       (a)   Definition of "CONFIDENTIAL."  Protected Material may be

13   designated "CONFIDENTIAL" if the Producing Party believes in objective good

14   faith that such material constitutes or discloses or relates to processes, operations,

15   research, technical or developmental information, production, marketing, sales, or

16   other proprietary data or information of commercial value, or personnel or customer

17   or otherwise personal private data that is protected from public disclosure by a

18   person's right to privacy.

19       (b) Definition of "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES

20   ONLY."   Protected Material may be designated "CONFIDENTIAL-OUTSIDE

21   ATTORNEYS' EYES ONLY" if the Producing Party believes in objective good

22   faith that such material meets the standard for designation of "CONFIDENTIAL,"

23   and in addition, constitutes or discloses or relates to (a) materials constituting,

24   disclosing, or relating to future product or service offerings, including future

25   business plans, future advertising or marketing plans or designs, and technical data;

26   (b) materials constituting, disclosing, or relating to the Producing Party's current

27   product or service offerings that the Producing Party reasonably believes will harm

28   its competitive position if the information becomes known to a party other than the

1   Receiving Party's outside counsel, including licensing agreements, franchising
2   agreements, and/or confidential internal business guidelines or procedures; or (c)
3   materials constituting, disclosing, or relating to sensitive financial information,
4   including sales and net profit information or the identification of customers or
5   potential customers, the disclosure of which the Producing Party reasonably,
6   believes will harm its competitive position if the information becomes known to a
7   party other than the Receiving Party's outside counsel, including material relating
8   to revenues, profits, and losses.

9        3.    **Method of Designation.** Each page of any material the Producing
10  Party wishes to designate as Protected Material must be labeled with the legend
11  "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES
12  ONLY" at the time the material, or a copy thereof, is provided to the Receiving
13  Party, or at any time thereafter.  In the case of material contained in or on media
14  other than paper (e.g., natively produced documents), the Producing Party shall
15  affix such a label to the material or file name, or use its best efforts to identify the
16  material as Protected Material.  With respect to material produced by another Party,
17  a Designating Party may give notice to all other Parties in the Action, in writing,
18  that the material is Protected Material covered by this Protective Order.

19       4.    **Inadvertent Disclosure of Protected Material.**  The failure by a
20  Producing Party to designate specific documents or materials as Protected Material
21  shall not, by itself, be deemed a waiver in whole or in part of a claim of
22  confidentiality as to such documents or materials.  Upon written notice to the
23  Receiving Party of such failure to designate, or of incorrect designation, the
24  Receiving Party shall cooperate to retrieve disseminated copies, and restore the
25  confidentiality of the information that was inadvertently disclosed beyond those
26  persons authorized to review such information pursuant to Paragraphs 9-11, and
27  shall thereafter take reasonable steps to ensure that the Protected Material is treated
28  in accordance with the designation.  No person or party shall incur any liability

5.

1    hereunder with respect to disclosure that occurred prior to the receipt of written

2    notice of the mistaken designation.

3          5.    **Designation Of "Confidential" Or "Highly Confidential –**

4    **Attorneys' Eyes Only" Information At Depositions.**  All testimony provided in a

5    deposition and deposition exhibits will be treated as CONFIDENTIAL-OUTSIDE

6    ATTORNEYS' EYES ONLY for fourteen (14) days from the day the Producing

7    Party received the final deposition transcript from the court reporter.  At the

8    expiration of the fourteen (14) day period, the transcript and exhibits will no longer

9    be treated as Protected Material unless: (1) at the deposition, counsel for the

10   Producing Party identifies on the record certain portions of the deposition transcript

11   and/or exhibits that contain Protected Material or (2) counsel for the Producing

12   Party provides written notice to counsel for the Receiving Party identifying the

13   portions of the transcript and/or exhibits that contain Protected Material.   All

14   counsel receiving such notice shall be responsible for marking the copies of the

15   designated transcript in their possession or under their control as directed by the

16   Producing Party.  Deposition exhibits previously designated as containing Protected

17   Material do not need to be re-designated to retain their protection under this

18   Protective Order.  Notwithstanding the above, counsel for a Party may make a

19   request at any time prior to the expiration of the fourteen (14) day period for

20   permission to treat certain portions of the transcript as not containing Protected

21   Material and that request shall not be unreasonably denied in cases where it is

22   apparent that the designated portions do not contain material that warrants

23   confidential treatment pursuant to the terms of this Order.

24         a.  At any deposition session, when counsel for a Producing Party

25   deems that the answer to a question will result in the disclosure of Protected

26   Material, counsel shall have the option, in lieu of or in addition to taking other steps

27   available under the Federal Rules of Civil Procedure, to direct that the testimony

28   shall be treated in accordance with a designation under Paragraph 2 of this

1  Protective Order.   Counsel for the Producing Party whose Protected Material is
2  involved may also request that all persons other than the witness and individuals
3  who may have access to such Protected Material under the appropriate designation
4  in Paragraph 2 of this Order, leave the deposition room during the confidential
5  portion of the deposition.   The failure of such other persons to comply with a
6  request of this type shall constitute substantial justification for counsel for the
7  Producing Party to advise the witness that the witness need not answer the question.
8         b.   Deposition transcripts containing Protected Material shall be
9  prominently marked on the front page with a statement that provides "THIS
10 DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION
11 THAT IS SUBJECT TO A PROTECTIVE ORDER." Deponents may review their
12 own transcript designated pursuant to Paragraph 2 of this Order to ensure that it is
13 accurate and complete, but no deponent (other than individuals who may have
14 access to the same material under this Order) may retain or copy any portion of the
15 transcript of the deposition that contains the designated material without permission
16 of the Producing Party.
17      6.   **Court Reporter at Deposition.**  Provided that they receive and agree
18 to bound by this Protective Order, any court reporters who transcribe testimony in
19 this action at a deposition shall treat all Protected Material as confidential and will
20 not disclose Protected Materials except as provided under this Order.
21      7.   **Copies, Summarizations, Extracts Protected.**  Protected Material
22 designated under Paragraph 2 of this Protective Order shall include, without
23 limitation: (a) all copies, extracts, and complete or partial summaries prepared from
24 such documents, things, or information so designated; (b) portions of deposition
25 transcripts and exhibits thereto that contain, summarize, or reflect the content of
26 any such documents, things, or information; (c) portions of briefs, memoranda, or
27 any other writings filed with the Court and exhibits thereto that contain, summarize,
28 or reflect the content of any such documents, things, or information; and (d)

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 12-CV-03499-DSF-RZ

1    deposition testimony designated in accordance with Paragraph 5 above.  To the

2    extent feasible, interrogatory answers and responses to requests for admission shall

3    be prepared in such a manner that the confidential information is bound separately

4    from that not entitled to protection.

5         8.    Each Party and all other persons bound by the terms of this Protective

6    Order shall use any material designated as Protected Material by a Producing Party

7    other than itself only for the purpose of this Action (including any appeal), and not

8    for any other purpose.

9         9.    **Permissible Disclosures of CONFIDENTIAL Protected Material.**

10   Only the following persons shall have access to or retain material designated as

11   "CONFIDENTIAL" pursuant to Paragraph 2(a) of this Protective Order:

12        a.    the Court and its official personnel involved in this Action,

13   including, but not limited to, court reporters, persons operating video recording

14   equipment at depositions, and any special master appointed by the Court;

15        b.    the Parties in this Action and their respective employees who are

16   necessary participants in the prosecution or defense of this Action;

17        c.    Outside Counsel for the Parties.  For the purposes of this

18   Protective Order, "Outside Counsel" means attorneys for the law firms retained by

19   the Parties, including partners, associates, staff attorneys, paralegals, secretaries,

20   paralegal assistants and employees of such attorneys in connection with work on

21   this Action;

22        d.    outside litigation support personnel ("Litigation Support

23   Personnel") retained by Outside Counsel to assist in the preparation and/or

24   litigation of the Action, including contract attorneys or outside copying service

25   vendors or electronic document management vendors;

26        e.    any person who was an author of the Protected Material, who

27   was involved in the preparation of such material, who received or reviewed such

28   material for purposes other than this Action, or who has been alleged to have

8.

1    received or reviewed such material for purposes other than this Action;

2         f.    provided that the procedure described in Paragraph 12 below is
3    followed, outside experts and consultants retained by the Receiving Party's Outside
4    Counsel to assist in this litigation (and the experts' or consultants' staff whose
5    duties and responsibilities require access to such materials), who are not past or
6    present full-time employees of the Receiving Party or of an affiliate of the
7    Receiving Party or any other Party.

8         10.   **Permissible   Disclosures   of   "CONFIDENTIAL-OUTSIDE**
9    **ATTORNEYS' EYES ONLY" Protected Material**.   Only the following persons
10   shall have access to or retain material designated as "CONFIDENTIAL-OUTSIDE
11   ATTORNEYS' EYES' ONLY" pursuant to Paragraph 2(b) of this Protective
12   Order:

13        a.    the Court and its official personnel involved in this Action,
14   including, but not limited to, court reporters, persons operating video recording
15   equipment at depositions, and any special master appointed by the Court;

16        b.    Outside Counsel for the Parties;

17        c.    Litigation Support Personnel retained by Outside Counsel;

18        d.    any person who was an author of the Protected Material, who
19   was involved in the preparation of such material, or who received or reviewed such
20   material for purposes other than this Action;

21        e.    provided that the procedure described in Paragraph 12 below is
22   followed, (1) outside experts and consultants retained by the Receiving Party's
23   Outside Counsel to assist in this litigation (and the experts' or consultants' staff
24   whose duties and responsibilities require access to such materials), who are not past
25   or present full-time employees of the Receiving Party or of an affiliate of the
26   Receiving Party or any other Party, and (2) non-U.S. Outside Counsel and their
27   Litigation Support Personnel.

28        11.   **Agreement By Persons Accessing Protected Materials.**  All persons

9.

1  identified in paragraphs 9 who, in the course of the case, may be given access to

2  "CONFIDENTIAL" material and all persons identified in paragraphs 10 who, in

3  the course of the case, may be given access to "CONFIDENTIAL-OUTSIDE

4  ATTORNEYS' EYES ONLY" material shall be required to read this Protective

5  Order and agree, in writing, to be bound by this Protective Order by executing an

6  acknowledgment in the form of Exhibit A that is annexed to this Protective Order,

7  except for the Court and its personnel identfied in paragraphs 9(a) and 10(a).  All

8  such acknowledgments shall be maintained in the files of the counsel allowing

9  access by such person to the "CONFIDENITAL" or "CONFIDENTIAL-OUTSIDE

10  ATTORNEYS' EYES ONLY" material.

11       12.   **Disclosure of Protected Materials.**  Before counsel for a Receiving

12  Party may disclose material designated as Protected Material to a designated

13  testifying outside expert as described in Paragraphs 9(f) or 10(e) above, that counsel

14  shall give advance notice as follows:  Counsel for the Receiving Party seeking to

15  make the disclosure shall provide written notice to counsel for the Producing Party

16  and all other parties to this litigation, an executed copy of the Confidentiality

17  Undertaking attached hereto, and a current copy of the curriculum vitae of the

18  person(s) to whom the designated Protected Material is to be disclosed.  Such

19  written notice may be provided by electronic mail.  Counsel for the Receiving Party

20  need not specifically identify the designated Protected Material intended to be

21  disclosed.  The Producing Party shall have five (5) business days after receiving

22  that notification within which to object to the proposed disclosure, as provided

23  below; such disclosure shall not occur before the five-day period for objections has

24  elapsed, and, if any such objection is made, before that objection is resolved, as

25  provided below.  Any such objection shall be made in writing to the counsel for the

26  party seeking to make the disclosure.  If the parties are unable to resolve the

27  objection after conferring in good faith, pursuant to Fed. R. Civ. P. 26(c), the

28  dispute shall be resolved in accordance with Local Rule 37.  A failure to object or

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 12-CV-03499-DSF-RZ

1    file a motion within the requisite time limits shall be deemed a waiver of the
2    objection.   Until the dispute is resolved by order of the Court or agreement in
3    writing between the Receiving Party and the Producing Party, no disclosure shall be
4    made to the objected-to person or persons.   Before counsel for a Receiving Party
5    may disclose material designated as Protected Material to non-testifying experts
6    and consultants, counsel shall obtain from such non-testifying experts or
7    consultants an executed copy of the Confidentiality Undertaking attached hereto,
8    but does not have to provide a copy of the executed Confidentiality Undertaking to
9    counsel for the Producing Party.

10       13.    **Motion to Disclose**.  In the event that a Party desires to provide access
11   to specific material designated as "CONFIDENTIAL" or "CONFIDENTIAL-
12   OUTSIDE ATTORNEYS' EYES ONLY" hereunder to any person or category of
13   persons not included in Paragraphs 9 or 10 hereof, that party shall identify the
14   specific material at issue, meet and confer with the other party about the same, and
15   the parties may agree to the disclosure in writing.  If such an agreement cannot be
16   reached, the party seeking to disclose the Protected Material may move this Court
17   for an order that such person or category of persons may be given access to such
18   documents.   The party asserting confidentiality shall have the burden of
19   establishing the confidentiality of any documents challenged in a motion to
20   disclose.  In the event that the motion is granted, such person or category of persons
21   may have access to such documents on whatever conditions or terms the Court shall
22   require.

23       14.    **Dedesignation**.  The Parties agree to work together in good faith to
24   resolve disputes over whether material designated as "CONFIDENTIAL" or
25   "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" are within the scope
26   of materials to be protected from disclosure by this Protective Order.  For purposes
27   of the Action or any other action, no Party concedes that any Protected Material
28   designated by any other person does in fact contain or reflect trade secrets or other

11.

confidential proprietary or commercial information.  A party shall not be obligated to challenge the propriety of the designation of Protected Material at the time made, and failure to do so shall not preclude a subsequent challenge.  If a Receiving Party seeks removal of protection for particular items designated as Protected Material on the ground that such protection is not warranted under controlling law, the following procedure shall be used:

      a.   The Receiving Party seeking such removal shall give counsel of record for the Producing Party notice thereof, specifying the documents, things, or information for which such removal is sought and the reasons for the request.  The Producing Party shall have five (5) business days after receiving that notification within which to object to the removal of protection afforded by this Order.  Any such objection shall be made in writing.  Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Protective Order.

      b.   If the Parties, or the Party and non-party, cannot reach agreement concerning the matter, the dispute shall be resolved in accordance with Local Rule 37.  The designated material shall continue to be treated in accordance with the original designation until the issue is resolved by Order of this Court or by agreement of the Parties or the Party and non-party. In addition to service on the opposing party, a copy of any such motion shall be served on any non-party who is the Producing Entity with respect to the materials at issue and such non-party Producing Entity shall have standing to oppose such motion before the Court.

15.   **Filing Under Seal**.  Either Party may request that the Court permit filing of any material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" pursuant to Paragraph 2 above, under seal and that such Protected Material be made available only to the Court and to persons authorized by the terms of this Protective Order.  The party filing any paper that contains, summarizes, or reflects any such designated material shall request

1  that the material be filed under seal pursuant to Local Rule 79-5. If filed under seal,

2  such material shall remain sealed while in the office of the Clerk so long as the

3  material retains its status as Protected Material and/or until further order of the

4  Court.   Where possible, only portions of the filings designated as

5  "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES

6  ONLY" or supporting papers so designated shall be filed under seal. In such cases,

7  the filing party should also file a redacted version of the filing and supporting

8  papers.

9       16.   **Client Consultation**. Nothing in this Protective Order shall prevent or

10  otherwise restrict counsel from rendering advice to their clients in this Action and,

11  in the course thereof, relying generally on examination of designated Protected

12  Materials; provided, however, that in rendering such advice and otherwise

13  communicating with such client, counsel shall not disclose the specific contents of

14  Protected Materials to persons not authorized to receive such material pursuant to

15  the Protective Order.

16       17.   **Subpoena by Other Courts or Agencies**.  If another court or an

17  administrative agency subpoenas or orders production of any designated Protected

18  Material that a party has obtained in this Action under the terms of this Protective

19  Order, such party shall promptly notify the Producing Entity or other person who

20  designated the documents as such of the pendency of such subpoena or order within

21  five (5) days of receiving said subpoena or order. If the designating party elects to

22  resist production of the materials, it shall promptly so notify the subpoenaed party

23  and the latter shall cooperate in affording the designating party the opportunity to

24  oppose or limit production of the materials. Nothing in this Order restricts or limits

25  a party's ability to comply with a lawful subpoena or order of a court or

26  administrative agency; nor does this Order relieve a party of its obligation to

27  comply with such a subpoena or order.

28       18.   **Use**.   Persons obtaining access to Protected Material under this

Protective Order shall use the information only for preparation and trial of this Action (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

19. **Modification and No Waiver.** Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order (either by motion or agreement of the Parties hereto, subject to Court approval), from objecting or seeking further limitations on discovery that it believes to be otherwise improper, or from seeking further or different orders from the Court. In addition, by stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

20. **Disclosure To Designating Party's Personnel.** No person subject to this Protective Order may disclose, in public or private, any designated Protected Material designated by a party or non-party other than itself, except as provided for in this Protective Order or as further ordered by the Court. Nothing herein, however, shall affect the right of the Producing Party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as Protected Material; such disclosure shall not waive the protection of this Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order. Further, nothing contained herein shall preclude a Producing Entity from voluntarily waiving any provision in this Order with respect to any designated Protected Material without further order of the Court.

21. **Inadvertent Disclosure of Privileged Information.** If, in connection with the Action, a Producing Party inadvertently discloses information subject to a

14.

claim of attorney-client privilege or attorney-work product protection ("Inadvertently Disclosed Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged Information will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Privileged Information and its subject matter. If a claim of inadvertent disclosure is made by a Producing Party with respect to Inadvertently Disclosed Privileged Information, the Receiving Party will, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Privileged Information and certify that all such Inadvertently Disclosed Privileged Information has been returned or destroyed.

22.  **Non-Termination.**  Except for materials covered by this Protective Order that are on file or otherwise in possession of the Court, within thirty (30) days after final conclusion of all aspects of this Action (including any appeal), unless otherwise agreed to in writing by counsel for the Producing Party, material designated as "CONFIDENTIAL" or "CONFIDENTIAL-OUTSIDE ATTORNEYS' EYES ONLY" and all copies of same shall be returned to the party or person that designated such documents or shall be destroyed from all reasonably accessible locations. All counsel of record shall make certification of compliance herewith, and shall deliver the same to counsel for the party who produced the documents not more than forty-five (45) days after final termination of this Action (including any appeal). Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, transcripts, exhibits, legal memoranda, correspondence, and attorney and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order and shall be maintained in a safe and secure manner.

23.  **Responsibility of Attorneys.**  The attorneys of record shall exercise

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 12-CV-03499-DSF-RZ

all reasonable care to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Protected Material.

24.   **Protected Material at Trial.**   This Protective Order governs the confidentiality of designated Protected Material before and after trial.   Nothing contained in this Order shall restrict or limit any Party's right to present designated Protected Material to the jury or the Court during a trial in this Action. Confidentiality concerns at trial must be separately raised with the Court at the appropriate time.

25.   **Notice.** Notices under this Protective Order shall be provided to the Parties' respective counsel of record at their addresses of record, unless this provision is modified by the Parties in writing.

26.   Third party discovery in this proceeding may involve disclosure of Protected Material, which if designated in conformity with the provisions of this Protective Order, shall be subject to the provisions herein and provide the non-party with all of the rights and obligations set forth herein.

27.   **Good Faith Designations.**   Each party agrees that designation of Protected Material and responses to requests to permit further disclosure of Protected Material shall be made in good faith and not (1) to impose burden or delay on an opposing party, or (2) for tactical or other advantage in litigation. Further, each party agrees to make best efforts to avoid as much as possible inclusion of Protected Material in briefs and other captioned documents filed in court, in order to minimize sealing and designating such documents as Protected Material.

28.   The protection afforded by this Protective Order shall in no way affect a party's or non-party's right to withhold documents as (i) privileged under the attorney-client or other privilege, (ii) protected by the work product doctrine,  or (iii) otherwise exempted from discovery under Fed. R. Civ. P. 26.

29.   The restrictions set forth in this Protective Order shall not apply to

16.

documents, things, or information that the Parties agree, or that the Court rules:

      a.    have become public knowledge in a manner other than through a violation of this Order; or

      b.    have been independently obtained by the non-designating party, as evidence by written documentation.

    30.    Until such time as this Protective Order has been entered by the Court, the Parties agree that upon execution by all of the Parties, it will be treated as though it has been "So Ordered."

    31.    The provisions of this Protective Order shall not terminate at the conclusion of this Action. The provisions shall remain in full force and effect after the conclusion of this Action to provide the Court with jurisdiction to enforce its terms. In the event anyone shall violate, or threaten to violate, any term of this Order, the Parties hereto agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall do so, no party subject to the provisions of this Order shall employ as a defense thereto or claim that the aggrieved party possesses an adequate remedy at law. Each person to whom disclosure of any designated Protected Material is made agrees to subject himself to the jurisdiction of the Court in which this action is pending for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order.

Acknowledged and Agreed:

Dated: September 26, 2013          LAW OFFICES OF CHARLES EDWARD CLARK, ESQ.

                              /s/ Charles E. Clark, Esq.
                              Charles E. Clark, Esq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROETZEL & ANDRESS, LPA


/s/ Donald R. Dinan
Donald R. Dinan, Esq.
*Attorneys    for    Plaintiff,    Santa
Margherita, S.p.A.*


COOLEY LLP


/s/ John W. Crittenden
John W. Crittenden, Esq.

/s/ John Paul Oleksiuk
John Paul Oleksiuk, Esq.
*Attorneys    for    Defendant,    Unger
Weine, KG*


**IT IS SO ORDERED.**
Dated: 1 4~3/~

_____
Honorable Ralph Zarefsky

U.S. Magistrate Judge

18.

**EXHIBIT A**

**CONFIDENTIALITY UNDERTAKING**

1.  I, _____, reside at _____.

2.  My present employer is _____.

3.  My present occupation or job description is _____.

4.  I have been engaged as _____ on behalf of _____ in the preparation and conduct of litigation entitled *Santa Margherita, S.p.A. v. Unger Weine KG*, CV12-03499 DSF (RZ) (the "Action").

5.  I read the foregoing Protective Order entered in the Action on _____.

6.  I am fully familiar with the Protective Order and agree to be bound by its terms. I understand that I must retain all copies of any documents or information designated as "CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any "CONFIDENTIAL" information are to be returned to counsel who provided me with such material.

7.  I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this Action, any information obtained pursuant to the Protective Order. I also agree to notify any stenographic, clerical, or support personnel who are required to assist me of the terms of the Protective Order.

8.  In accordance with Paragraph 12 of the Protective Order (if applicable), I have attached my curriculum vitae to this executed Confidentiality Undertaking, which identifies my current employer and employment history for the past four (4) years, all publications that I have authored in the previous ten (10) years, and the cases in which I have testified as an expert at trial or by deposition

19.

STIPULATED [AND PROPOSED]
PROTECTIVE ORDER
CASE NO. 12-CV-03499-DSF-RZ

within the previous four (4) years.

9.      I hereby consent to the jurisdiction of the United States District Court for the Central District of California with respect to any proceedings to enforce the terms of the Protective Order and the punishment of violations thereof.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on :_____

Signature:      _____

Company:      _____

Address:      _____

_____

Charles E. Clark, Esq. (Calif SBN: 86099)
Email: cclarklaw807@pacbell.net
LAW OFFICES OF CHARLES EDWARD CLARK
301 East Colorado Boulevard., Suite 807
Pasadenia, California 91101
Telephone: (626) 795-3640
Fax: 626-584-9206

Donald R. Dinan, Esq.
(Pro Hac Vice)
ROETZEL & ANDRESS, LP A
600 14th Street, NW
Suite 400
Washington, D.C. 20005
Telephone: (202)625-0600

Attorneys for Plaintiffs,
SANTA MARGHERITA S.p.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA MARGHERITA S.p.A. , | Case No.:  2:12-cv-03499-DSF-RZ |
| Plaintiffs, | **CERTIFICATE OF SERVICE DATED DATED OCTOBER 21, 2013** |
| vs. | |
| UNGER WEINE KG., | U.S. DISTRICT COURT JUDGE<br>Hon. DALE S. FISCHER |
| Defendant. | |
| | MAGISTRATE JUDGE:<br>Hon. RALPH ZAREFSKY |

///

///

///

- 1 -

Title Page

1 | Charles E. Clark, Esq. (Calif SBN: 86099)
Email: cclarklaw807@pacbell.net
2 | LAW OFFICES OF CHARLES EDWARD CLARK
301 East Colorado Boulevard., Suite 807
3 | Pasadena, California 91101
Telephone: (626) 795-3640
4 | Fax: 626-584-9206

5 | Attorneys for Plaintiffs,
SANTA MARGHERITA S.p.A.

6 |

7 | UNITED STATES DISTRICT COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 |

10 | SANTA MARGHERITA S.p.A.              Case No.: 2:12-cv-03499-DSF-RZ

11 |            ,

12 |                        Plaintiffs,     **CERTIFICATE OF SERVICE**

13 |    vs.

14 | UNGER WEINE KG.,

15 |                        Defendant.

16 | STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

17 |

18 |       I am employed in the County of Los Angeles, State of California.  I am over the age of 18

and not party to the within entitled action.  My business address is 301 East Colorado Blvd., Suite

19 | 807, Pasadena, California 91101.

20 |       On October 21, 2013, I served the document described as **STIPULATED [AND**

21 | **PROPOSED] PROTECTIVE ORDER** upon the herein below identified interested party/parties

22 | in this action as follows:

23 | Counsel/Parties Served:

24 | John W. Crittenden
Cooley, LLP
25 | 101 California Street., Fifth Floor
San Francisco, CA 94111

26 |

27 | John Paul Oleksiuk
Cooley, LLP
28 | 1333 Second Street., Suite 400
Santa Monica, CA 90401

Mike Murphy
SIMS LAW FIRM, LLP
19762 MacArthur Boulevard, Suite 350
Irvine, CA 92612

[XX] BY MAIL: I caused to be deposited in the United States mail at Pasadena, CA a true copy of said document enclosed in a sealed envelope with postage thereon fully prepaid and addressed to each of the interested party/parties identified herein above.  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

[  ] BY OVERNIGHT DELIVER: I placed a true copy of said document in a separate sealed envelope designated by Federal Express with delivery fees paid or provided for an addressed to each of the interested party/parties identified herein above for guaranteed next day delivery.  I caused the envelope to be deposited in a box or other facility regularly maintained by Federal Express, or caused the envelope to be delivered to an authorized courier or driver authorized by Federal Express to receive documents for next day deliver.

I declare under penalty of perjury under the laws of State of California and the United States of America that the foregoing is true and correct, that I am employed in the office of a member of the bar of this Court at whose direction the foregoing service was made, and that this declaration is executed at Pasadena, California on October 21, 2013.

Nicole Souza

PROOF OF SERVICE